UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF AMERICA, N.A., <br>   *Plaintiff*, <br>    *v.* <br> OCEAN PERFORMANCE, INC. and <br> CHRISTOPHER CESTARO, <br>   *Defendants*. | Civil No. 3:10cv1829 (JBA) <br><br><br> March 11, 2013 |

**RULING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO
STAY PROCEEDINGS**

Plaintiff Bank of America, N.A. ("Bank of America") brought this suit for breach
of contract following Defendants' alleged default under a Security Agreement and
Guaranty between the parties. Defendants Ocean Performance, Inc. ("Ocean
Performance") and Christopher Cestaro now move [Doc. # 46] to stay the proceedings
and to compel arbitration pursuant to the arbitration clauses in the relevant agreements.
Plaintiff opposes this motion, arguing that Defendants have waived their right to arbitrate
this dispute as a result of their litigation conduct. For the reasons that follow,
Defendants' motion is denied.

I.    **Background**

   A.    **Factual Background**

On January 9, 2005, Defendant Ocean Performance and Plaintiff executed a
Security Agreement—Inventory (the "Security Agreement"), pursuant to which Plaintiff
agreed to finance the acquisition by Defendant Ocean Performance of, *inter alia*, two
powerboats (the "Legacy Boat" and the "Leggera Boat"). (*See* Compl. [Doc. # 1] ¶ 7;
Security Agreement, Ex 1 to Compl.) The Security Agreement includes a "Dispute
Resolution Provision," which states: "At the request of any party to this agreement, any

Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act." (Security Agreement ¶ 17(b), Ex 1 to Compl.)  In accordance with the terms of the Security Agreement, Defendant Ocean Performance granted Plaintiff a security interest in the Legacy and Leggera Boats as collateral for the financing.  (*See* Compl. ¶ 9.)    On December 29, 2005, Defendant Cestaro also executed a Guaranty (the "Cestaro Guaranty") pursuant to which he promised to pay all indebtedness of Defendant Ocean Performance to Plaintiff.  (*See id.* ¶ 11; Cestaro Guaranty, Ex. 2 to Compl.)  The Cestaro Guaranty also includes a "Dispute Resolution Provision," which states:  "At the request of any party to this agreement, any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act." (Cestaro Guaranty, Ex. 2 to Compl.)

Defendant Ocean Performance defaulted on its obligation under the Security Agreement to pay Plaintiff the amounts due for the purchase of the Legacy and Leggera Boats.  (*See* Compl. ¶ 15.)  On December 15, 2008, Plaintiff notified Defendant Ocean Performance of its default and informed it that all amounts owing under the Security Agreement would be due in full on January 31, 2009.  (*See id.* ¶ 16.)  Defendant Ocean Performance failed to pay the amount due by that date.  (*See id.* ¶ 17.)  Pursuant to its rights under the Security Agreement, Plaintiff repossessed the Legacy and Leggera Boats and disposed of them via private sale for $310,000 and $320,000 respectively.  (*See id.* ¶¶ 18–22.)  After application of the proceeds of these sales to the amount due under the Security Agreement, $586,412.74 remains outstanding.  (*See id.* ¶ 23.)

### B.    Procedural Background

On November 22, 2010, Plaintiff commenced this suit against Defendants for breach of contract, seeking repayment of the amount outstanding under the Security Agreement.  On February 17, 2011, after seeking an extension, Defendants filed their

Answer, claiming as a special defense that the disposition of the Legacy and Leggera Boats was not performed in a commercially reasonable manner.  (*See* Answer [Doc. # 14] at 5.)  The Answer made no mention of the arbitrability of the pending dispute.  (*See id.*)  The parties conducted discovery, including depositions and the exchange of expert reports.  (*See* Trifon Decl., Ex. A to Pl.'s Opp'n [Doc. # 47].)  In its April 18, 2012 Amended Status Report [Doc. # 36] Plaintiff notified Defendants of its intent to file a motion for summary judgment, the grounds for which were discussed with the Court during the parties' April 23, 2012 status conference.  On June 14, 2012, Plaintiff filed a motion [Doc. # 42] for summary judgment.  For the first time, on June 20, 2012, counsel for Defendants informed counsel for Plaintiff that Defendants intended to move to compel arbitration.  (*See* Ex. B to Pl.'s Opp'n.)  However, Defendants then moved [Doc. # 43] for an extension of time to respond to the summary judgment motion.   On July 31, 2012, Defendants filed the instant motion to compel arbitration.  To date, Defendants have not responded to Plaintiff's motion for summary judgment.[1]

## II.    Discussion

Defendants move to stay this action and compel arbitration pursuant to the terms of the Security Agreement and the Cestaro Guaranty.  Plaintiff claims that as a result of their litigation conduct and delay, Defendants have waived the right to arbitrate this dispute.

The Federal Arbitration Act establishes a "liberal policy in favor of arbitration as a means to reduce the costliness and delays of litigation."  *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 665 (2d Cir. 1997) (internal quotation marks omitted)

---

[1] The Court will address Plaintiff's unopposed motion for summary judgment in a separate ruling.

(citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)); *see also Deloitte Noraudit A/S v. Deloitte Haskins & Sells*, 9 F.3d 1060, 1063 (2d Cir. 1993). Accordingly, "waiver of arbitration is not to be lightly inferred," and "any doubts concerning whether there has been a waiver are resolved in favor of arbitration." *PPG Industries, Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) (internal quotation marks and citations omitted). "There is no bright–line rule for determining when a party has waived its right to arbitration:  the determination of waiver depends on the particular facts of each case."  *Id.* at 107–08.   However, the Second Circuit has recognized three factors which courts should consider in determining whether a party has waived the right to arbitrate a dispute:  "(1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." *Id.* at 107.

A.       **Time Elapsed and Amount of Litigation**

Defendants allowed a significant amount of time to pass and litigation conduct to occur before filing their present motion seeking to compel arbitration.  Plaintiff filed this suit on November 22, 2010, and Defendants did not move to compel arbitration until July 31, 2012—more than twenty months later.[2]  While delay alone is insufficient to establish waiver, *see PPG Industries*, 128 F.3d at 108, a significant amount of litigation occurred in this matter in the twenty months prior to Defendants' motion.  Significantly, Defendants failed to assert the defense of arbitration in their answer (*see* Answer [Doc. # 14] at 5 (listing only commercial unreasonableness as a special defense)), which would have put

---

[2]  Defendants' first indication that they would invoke their arbitration rights appears to have been via email to Plaintiff's counsel on June 20, 2012.  (*See* Ex. B to Pl.'s Opp'n.)  Thus, more than a year and a half had passed before Plaintiff had notice that Defendants might seek to arbitrate this dispute.

Plaintiff on notice of their intent to invoke their arbitration rights at the outset of the litigation. *See PPG Industries*, 128 F.3d at 109. Defendants compounded the delay by moving for at least three extensions of time. (*See* Motions for Extension of Time [Doc. ## 10, 24, 43, 44].) The last of these motions for extension of time was filed after counsel for Defendants first indicated to Plaintiff's counsel that Defendants would seek to enforce their arbitration rights. This motion made no mention of a possible motion to compel arbitration, but rather requested additional time to respond to the summary judgment motion, thereby appearing to indicate that Defendants had abandoned their decision to seek arbitration and further delaying the action. Significant discovery was also conducted during this time. For example, Plaintiff served discovery requests, deposed two witnesses, and retained an expert. (*See* Trifon Decl., Ex. A to Pl.'s Opp'n.) Defendants waited months to respond to Plaintiff's discovery requests (*see id.*), further delaying this action and forcing Plaintiff to file a motion to compel discovery (*see* Pl.'s Mot. to Compel Discovery [Doc. # 29].) Furthermore, Defendants waited until after Plaintiff filed a motion for summary judgment before moving to compel arbitration.[3] The parties discussed this summary judgment motion in their April 23, 2012 status conference with the Court, but counsel for Defendants failed to raise the issue of arbitration at that time. Such conduct and delay is inconsistent with an intent to arbitrate, and thus the first two factors of the *PPG Industries* test weigh in favor of a finding of waiver.

---

[3] Defendants themselves have filed no dispositive motions. While participating in dispositive motion practice is a relevant factor in determining whether a party has waived the right to arbitrate, such motions are not a prerequisite to a finding of waiver. *See S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 84 (2d Cir. 1998).

**B.    Prejudice**

Defendants argue that they have not waived the right to arbitrate this dispute because Plaintiff cannot establish prejudice as a result of the twenty–month delay and Defendants' litigation conduct.[4]  "Waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated."  *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991).  Such prejudice need not be substantive, and "can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes unnecessary delay or expense."  *Id.*    at 179–80 ("[T]he prejudice required for waiver is not limited to substantive prejudice, but may also be prejudice in terms of either expense or delay."); *see also Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993) ("Sufficient prejudice to infer waiver has been found when a party seeking to compel arbitration . . . delays invoking arbitration rights while the adversary incurs unnecessary delay or expense.")  In evaluating prejudice from undue delay and expense, the Second Circuit has explained that

> [n]o bright line defines this [] type of prejudice—neither a particular time frame nor dollar amount automatically results in such a finding—but it is instead determined contextually, by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances.

*Kramer*, 943 F.3d at 179.

The context of this case leads the Court to the conclusion that Plaintiff has suffered prejudice as a result of Defendants' failure to timely invoke their arbitration rights.  Plaintiff has incurred expenses during an extended discovery by conducting two

---

[4] Defendants cite only to non–binding Ninth Circuit precedent in support of their motion, which circuit appears to apply a different test than the one established by the Second Circuit in *PPG Industries* to determine whether a party has waived its right to arbitration.

depositions and retaining an expert, and has expended time and money on the preparation of a summary judgment motion.  While "legal expenses inherent to litigation, without more, do not constitute prejudice requiring a finding of waiver," *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997), such expenses were compounded by Defendants' actions in delaying the invocation of their right to arbitrate.  As discussed above, Defendants requested several extensions of time, and failed to respond to Plaintiff's discovery requests, necessitating Plaintiff's filing of a motion to compel discovery.  *See Cotton*, 4 F.3d at 180 (finding prejudice where *inter alia*, the defendant "resist[ed] discovery and "repeatedly invoked and submitted himself to the powers and procedures of the district court" by seeking extensions of time, expansion of the discovery schedule, and protective orders).  Defendants missed several opportunities to raise the issue of arbitration with Plaintiff, by failing to assert the right to arbitration in their answer and by failing to alert Plaintiff to their intention to move to compel arbitration during the discussion of Plaintiff's motion for summary judgment during a colloquy with the Court.  Defendants permitted this litigation to progress to the penultimate step before trial without once invoking their right to arbitration, thereby increasing Plaintiff's expenses and needlessly delaying the resolution of this dispute for nearly two years.  *See Com–Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F. 2d 1574, 1577 (2d Cir. 1991) ("Had the defendants claimed their contractual right to arbitrate promptly after the complaint was filed in 1987, this dispute probably would have been resolved before now with less trouble and expense to all parties.").  Thus, Plaintiff has suffered prejudice in the form of undue expense and delay as a result of Defendants' conduct, and the Court therefore concludes that Defendants have waived their right to arbitrate this dispute.

**III.    Conclusion**

For the foregoing reasons, Defendants' Motion [Doc. # 46] to Compel Arbitration and to Stay Proceedings is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of March, 2013.